446

## Nicolette, etc., et al. v. Del-Mar Shows

*William M. Kahanowitz* and *David H. Weiss*, for plaintiffs.

*Smith, Best & Horn*, for defendant.

O'CONNELL, J., July 29, 1955.—We have before us for decision a question of law raised by the answer of defendant in this case. Plaintiff on November 12, 1953, filed a complaint in trespass against defendant, and the seventh paragraph of the complaint is as follows:

"The minor plaintiff, on the 18th of July, 1950, between the hours of five and six p.m. was playing on the roof of the said ticket booth when the said plaintiff lost her balance and fell to the ground sustaining injuries which are hereinafter more particularly set forth."

On September 27, 1954, an amended complaint in trespass was filed by plaintiff and the seventh paragraph of the amended complaint reads as follows:

"7. The minor plaintiff on the 18th day of July, 1950, between the hours of 5 and 6 p.m. was on the roof of the ticket booth and was about to get off when the said ticket booth tilted and commenced falling, throwing the said minor plaintiff to the ground with

force and violence causing the minor plaintiff to sustain injuries which are hereinafter more particularly set forth.".

Defendant contends in its answer that the amendment of this paragraph creates a new cause of action and that the amendment is barred by the statute of limitations, the accident having occurred on July 18, 1950.

The allegations of negligence are contained in paragraphs 4, 5 and 6 in both the original complaint and the amended complaint and are as follows:

"4. On the 18th day of July, 1950, the defendant was conducting a carnival in the City of Monessen, at the corner of Third and Schoonmaker Avenues and invited the public to come thereon, and had on the said premises certain buildings and mechanical contrivances, and more particularly, a ticket booth. It was the duty of the defendant to keep and maintain the premises, whereon the defendant conducted the said carnival, in a safe condition for people who had occasion to come on the said premises.

"5. Plaintiffs aver that the appliances owned by the defendant and placed on the premises by the defendant, more particularly the ticket booth, was and became an object of curiosity and attraction to children on the public streets in the vicinity where the defendant conducted the carnival.

"6. Plaintiff avers that on the 18th day of July, 1950, the defendant, by his agents, servants, workmen or employees did carelessly and negligently permit children to play on the premises without guarding and protecting the said children by means of barriers, watchman, or other methods in keeping children from going on the roof of the ticket booth, and more particularly in permitting the children to play on the said roof."

Defendant contends that this amendment creates a new cause of action in that in the amended complaint plaintiff claims that the ticket booth toppled and fell and in the original complaint plaintiff said that the child lost its balance and fell.

Plaintiff raises a question of defendant's pleading the statute of limitations after its time had elapsed. We do not believe it is necessary to pass upon this question as we do not agree with defendant's contention that a new cause of action has been alleged.

The negligence charged, as we view it, is that this ticket booth was attractive to children and was not guarded as it should have been and, in addition thereto, the children should not have been permitted to play on the roof of the ticket booth. The negligence, if any, of defendant consisted in permitting the children to be upon the roof or to play upon the roof where they would be apt to fall. The manner of falling is incidental and explanatory of the negligent act, i.e., permitting children upon the roof at all.

It cannot be argued by defendant that they could escape a charge of negligence such as this by building a ticket booth so strong, and anchored in such a way that it would be safe for children to dance and play upon the roof.

It was the child's act either in tilting the building or losing its balance which caused the fall, and the negligence, if any, consisted in creating an attractive nuisance, if it was created, or in permitting the children to play upon the roof of this ticket booth.

*Decree*

And now, to wit, July 29, 1955, the question of law raised by the answer and new matter of defendant is resolved in favor of plaintiff. The prothonotary is directed to place this case upon the next trial list.